IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLEONCE WALKER, | Civil Action No. |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| AFFIVAL INC. | |
| Defendant. | |

## FIRST AMENDED COMPLAINT

AND NOW come the Plaintiff, Fleonce Walker, by and through his attorneys, THE LINDSAY LAW FIRM, P.C., and Max Roesch, Esquire, and file the following complaint in civil action.

### I.   INTRODUCTION

1. Plaintiff Fleonce Walker ("Walker" or "Plaintiff") was employed by Affival Inc. until he was constructively terminated on June 26, 2019. Walker's supervisors at Affival Inc. subjected him to disparate treatment based on his race, and a hostile work environment.

2. By subjecting Walker to discrimination and hostile work environment based on his race, Defendant Affival Inc. violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII"), 42 U.S.C. 1981, and the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et. seq.* ("PHRA").

### II.  JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's Title VII and § 1981 claims under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1392, as the acts that give rise to these claims occurred in this District. Additionally, Defendant employed Plaintiff in and regularly transacts business in this District.

### III. PARTIES

5. Plaintiff Fleonce Walker is adult individual who resides in Allegheny County, Pennsylvania.

6. Defendant Affival Inc. is a corporation engaged in the steel fabrication in Pennsylvania.

7. Affival Inc. is located at 201 Village Square Building, Oakmont PA 15139, and conducts business within the Commonwealth of Pennsylvania.

8. At all relevant times, Affival Inc. was an "employer" within the meaning of Title VII, § 1981, and the PHRA.

### IV. FACTS

9. Walker was hired as a laborer at Affival in March 2018.

10. During his tenure at Affival, Plaintiff was one of the very few African American employees.

11. Each employee at Affival was assigned a locker to store personal items during work shifts.

12. Lockers were frequently inappropriately graffitied with epitaphs denigrated individual employees for their race or sexual orientation.

13. Defendant did not take effective steps to combat the graffiti.

14. Plaintiff was repeatedly threatened by another employee, Russell Hooks.

15. Russell Hooks kept a firearm either in his vehicle or on his person at all times.

16. Although employees were required to park in a designated area some distance from the facility if they had firearms in the vehicle, Hooks would park in a spot adjacent to the facility entrance.

17. Defendant took no steps to address the problem of where Hooks was parking.

18. On one occasion, as Plaintiff was driving a forklift past the line, Hooks looked up from his work station, made eye contact with Plaintiff, and lifted his arm, held his hand in the shape of a gun and mimicked shooting at Plaintiff.

19. On another occasion Hooks was involved in a locker room altercation in which the participants used a particularly offensive racial epithet for African Americans.

20. Hooks was not disciplined in relation to the incident.

21. On another occasion, early in the COVID 19 pandemic, the Plant Manager pulled Plaintiff aside and told him that wearing a face covering made him look like a gang member, and that other employees complained that Plaintiff was a gang member.

22. Plaintiff was not and has never been a gang member.

23. On June 12, 2020, Hooks approached Plaintiff during a safety meeting and loudly said "I can't breath".

24. There was nothing physically wrong with Hooks at the time.

25. Plaintiff believes, and therefore avers, that, based on what Hooks said and the tone of his voice, Hooks was mocking the death of George Floyd at the hands of a police officer.

26. Plaintiff was the only African American present when Hooks made the "I can't breath" comment.

27. Because of Hooks' intimidating behavior and his constant possession of a firearm, Plaintiff was afraid for his safety.

28. Plaintiff filed a complaint with Defendant's Human Resources Department regarding Hooks pattern of intimidation and harassment.

29. Human Resources representative Adeja Remaley performed an investigation of Plaintiff's complaints.

30. Rather than addressing Hooks' behavior, Remaley dismissed Plaintiff's concerns.

31. The day after the "I can't breath" comment Hooks approached Plaintiff in the parking lot said "You're coming to the new building with us today?" with a crazed smile on his face.

32. The new building that Hooks referenced did not have any restrictions on employees carrying firearms.

33. Plaintiff immediately went to the office and asked to have his assignment changed as he did not feel safe working alone with Hooks.

34. Despite Plaintiff's continued concerns about his safety, Defendant did not take any steps to address Hooks' behavior, and continued to schedule Plaintiff to work in close proximity to Hooks.

35. Because Defendant would not take even basic steps to ensure Plaintiff's safety from Hooks, Plaintiff had no choice but to terminate his employment relationship with Defendant.

36. Plaintiff filed a timely Charge of Discrimination with the Equal Opportunity Commission ("EEOC") on September 18, 2019 that was dual-filed with the Pennsylvania Human Relations Commission ("PHRC").

37. The EEOC issued a Notice of Right to Sue on December 16, 2021.

38. It has been over one (1) year since Plaintiff's Charge was dual filed with the PHRC.

39. Plaintiff has exhausted his federal and state administrative remedies.

## V.     CAUSES OF ACTION

### Count I – Violations of Title VII

40. The prior paragraphs are hereby incorporated by reference as though set forth in their entirety.

41. The conduct of Affival Inc. and it's supervisors as described above subjected Walker to disparate treatment in the terms and condititions of his employment on the basis of his race, unreasonably interfering with his ability to perform his job, and created an intimidating, humiliating, and hostile work environment in violation of Title VII.

42. The conduct of Afffival Inc. and it's supervisors in treating Walker less favorably than similarly situated co-workers violated Title VII.

43. As a result of Affival Inc.'s conduct, Plaintiff lost wages and other emoluments of employment, and suffered from severe emotional distress, anxiety, mental anguish, and humiliation.

44. Affival Inc. understood or should have understood its legal obligations. Affival Inc.'s conduct was willful in that it either knew or showed reckless disregard for whether its conduct was prohibited by Title VII by proffering false and pretextual reasons for terminating Plaintiff such that the imposition of punitive damages is appropriate.

### Count II – Violations of the Pennsylvania Human Relations Act

45. The prior paragraphs are hereby incorporated by reference as though set forth in their entirety.

46. Bases on the foregoing, in subjecting Plaintiff to disparate treatment and a hostile environment based on his race Affival Inc. violated the PHRA.

47. As a result of Affival Inc.'s violations of the PHRA, Plaintiff lost wages and other emoluments of employment, and suffered from severe emotional distress, anxiety, mental anguish, and humiliation.

COUNT III

Violation of 42 U.S.C. § 1981

48. The prior paragraphs are hereby incorporated by reference as though set forth in their entirety.

49. Based on the foregoing, in subjecting Plaintiff to disparate treatment, hostile environment, and constructive termination based on his race Affival Inc. violated 42 U.S.C. § 1981.

50. As a result of Affival Inc.'s violations of 42 U.S.C. § 1981, Plaintiff lost wages and other emoluments of employment, and suffered from severe emotional distress, anxiety, mental anguish, and humiliation.

WHEREFORE Plaintiff requests that the Court:

a) Assume jurisdiction of his case;

b) Find and declare that the Defendant discriminated against Plaintiff in the terms, conditions, rights and privileges of his employment in violation of Title VII, and enjoin such further conduct by the employer;

c) Find and declare that the Defendant discriminated against Plaintiff in the terms, conditions, rights and privileges of his employment in violation of the Pennsylvania Human Relations Act, and enjoin such further conduct by the employer;

d) Find and declare that the Defendant discriminated against Plaintiff in the terms, conditions, rights and privileges of his employment in violation of 42 U.S.C. § 1981, and enjoin such further conduct by the employer;

e) Award Plaintiff such back pay, fron pay, employment benefits and all other emoluments of employment as is the discharge had not occurred;

f) Award Plaintiff compensatory and consequential damages and punitive damages;

g) Award Plaintiff such costs and expenses of suit, and reasonable attorney's fees, expert witness costs, and such other relief as the Court deems necessary and proper after trial in this matter;

h) Find for the Plaintiff and against Defendant on all counts of this Complaint; and,

i) Order such other and further relief as may be deemed just and proper.

Respectfully submitted:

                THE LINDSAY LAW FIRM, P.C.,

                *s/Max B. Roesch*
                Max Roesch, Esq.
                Attorney for Plaintiff
                Id. No. 326577

                THE LINDSAY LAW FIRM, P.C.
                110 East Diamond St., Suite 301
                Butler, Pennsylvania 16001
                Phone: (724) 282-6600
                Fax: (724) 282-2672